No. 109.—NOAH LEE, administrator of Larkin Formby, plaintiff in error, *vs.* JAMES M. HESTER, defendant in error.

[1.] A private understanding between a party and his Counsel, in reference to the terms of a sale, cannot be given in evidence, it constituting no part of the *res gestæ* of the sale itself.

[2.] It is competent for an administrator to restrict the quantity of land advertized to be sold; and if public proclamation be made of the fact, purchasers will be bound by it, whether they heard it or not.

[3.] The cases do not define the precise effect to be given to the qualifying expressions in a deed in such general use, "be the same more or less."

[4.] If the price is fixed, in reference to the quantity of acres or measurement, then these words should count, and they will not cover a deficiency of one half, or two to one. But perhaps the rule is otherwise, and neither this nor any other term—such as by "estimation"—count, when the purchase is made, irrespective of the area of ground.

In Equity, in Troup Superior Court. Decided by Judge WORRILL, May Term, 1856.

Noah Lee, as administrator of Larkin Formby, deceased, advertised for sale certain land belonging to the estate of his intestate. The following is a copy of the advertisement:

Lee, adm'r, *vs.* Hester.

"Agreeably to an order from the Honorable Inferior Court of Heard County, when sitting for ordinary purposes, will be sold before the court-house door in the town of Franklin, Heard County, between the usual hours of sale, on the first Tuesday in March next, the following property, to-wit: A part of lot of land number seventy-nine, in the 14th district of originally Carroll, now Heard County, containing one hundred and forty acres, more or less, the said lot of land having a good farm and houses on it, and lying adjoining Liberty Hill. Also a part of said lot of land situated in Troup County containing twenty acres, more or less. Last mentioned portion of said lot of land will be sold before the court-house door in the town of LaGrange, Troup County, on the first Tuesday in April next. Sold for the purpose of distribution, and as the property of Larkin Formby, deceased.                    NOAH LEE, administrator.
Heard County, January 5th, 1848."

The sale took place at LaGrange at the time specified in the advertisement; and this bill was filed by the purchaser, James M. Hester, the defendant in error, against the administrator, to compel a conveyance of all that portion of the said lot number 79 embraced within the limits of Troup County. The answer denied that all that portion of said lot was sold to Hester, but insisted that twenty acres of the same, and no more, were sold to him. The answer also stated in a part of the same, responsive to the bill, that before the sale commenced the administrator told Hester that only twenty acres would be offered for sale on that day; and that again after the sale, and while the notes for the purchase money were being prepared, the subject was spoken of between the parties, and it was then understood that twenty acres, and no more, had been sold.

At the trial it was proved by the person who cried the sale, and by several other witnesses, that the crier distinctly announced from the block that twenty acres, and no more, would be sold. One witness testified, that this announce-

ment was repeated several times, and that the particular portion of the lot from which the twenty acres were to be taken was designated.

It appeared that Hester was present at the sale, but did not bid himself, having employed one Beland to bid for him. Beland swore that he did not hear the crier's announcement, and that he bid off the land believing that the whole of the Troup portion was up for sale. It was in evidence that between thirty and forty acres of said lot lay in Troup.

Plaintiff in error proposed *to prove* by JOHN L. STEPHENS, that on the day of sale he, plaintiff, went to witness for his advice, as a lawyer, in regard to selling this land, and stated that he had reason to believe the quantity was considerbly more than twenty acres; that witness advised him to sell but twenty acres, and let the balance, if any, remain unsold for the present; that plaintiff said he would do so, and both plaintiff and witness went immediately to the block where the sale was about to commence.

The Court ruled out this evidence, so far as the same related to the conversation between plaintiff in error and the witness, and the plaintiff in error excepted.

In charging the Jury, his Honor, the presiding Judge, stated that the presumption of law was, that the land was sold, as respects boundary and quantity, according to the advertisement; that is, as the part of said lot situate in Troup, and as containing twenty acres, more or less; that if the contrary was the fact, the administrator must prove it; and that if the administrator advertised twenty acres, more or less, although it might appear that only twenty acres were offered, cried and knocked off by the crier, yet, that should not limit the recovery to less than the entire portion of said lot lying in Troup, whatever that might be, unless it also appeared that the bidder heard the crier's proclamation fixing the quantity, and understood that he was bidding for twenty acres and no more. To this charge, and every part thereof, plaintiff in error excepted.

Counsel for plaintiff in error requested the Court to charge,

that in case only twenty acres were put up, cried and knocked off, it made no difference whether the bidder heard the crier's proclamation as to quantity or not, provided it were made plainly and distinctly, and so that he might have heard it by giving ordinary and reasonable attention. The Court refused so to charge, and plaintiff in error excepted.

Counsel for plaintiff in error also requested the Court to charge, that the terms "twenty acres, more or less," in the advertisement, would not embrace ten, fifteen or twenty acres, in addition to the twenty mentioned. But the Court held that, construing the advertisement altogether, these terms might include any number of acres, however great or small; and so refused the charge, and plaintiff in error excepted.

OVERBY & BLECKLEY, for plaintiff.

B. H. HILL, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The testimony of Stephens as to the private conversation which transpired between Lee and himself immediately preceding the sale, was properly rejected. It was no part of the *res gestæ*.

[2.] Next, as to what was sold. Counsel does not insist that the advertisement was conclusive; still, he attaches in his argument much importance to it, as showing what really was sold.

The object of the advertisement is two-fold: to give notice to bidders, and to show that the authority granted by the Court has been executed. Both at Sheriff's sale and administrator's sales, nothing is more common than to sell less property than is advertised. And we doubt not the right of the administrator in this case, notwithstanding he advertised to sell all of lot No. 79, lying in Troup County, to limit the sale

to twenty acres, or any other quantity. And whether he did or not, was a question of fact for the Jury.

If he did so restrict the sale and caused the crier to make public proclamation of the fact at the time the property was offered in market, all persons were bound by it, whether they heard it or not. It was the duty of purchasers to ascertain what was selling; and this they could readily do by application to the crier. Had this bill been filed to rescind the contract on account of the alleged mistake, it would have been entitled to a much more favorable hearing. For where a mistake has accrued as to a material or essential particular in a sale, forming the main or essential inducement to it, the buyer having been misled by the advertisement, there would be an apparent equity in holding that a compliance should not be insisted upon. There is much in such a doctrine to commend itself to every man's conscience.

But that is not this case. Mr. *Hester's* position is, that whatever the administrator may have sold, he bought, supposing he was getting the title to the whole of lot No. 79, in Troup County. And therefore, the administrator must make him a deed to the whole. We do not see the justice or the logic of such a claim. Others may have known that twenty acres only was selling if he did not, and regulated their bidding accordingly. And hence, the land may have been knocked off to him at a much lower price than it might otherwise have commanded. If the administrator be right in point of fact, the competition was for twenty acres only, and not for the thirty-eight or forty which the lot contains.

We have examined the bill and answer, and we think the latter is responsive to the charges in the bill which relate to the understanding between the parties, both before and after the sale, as to what quantity of land was intended to be sold and actually sold.

[3.] The cases do not seem to define with accuracy the precise effect to be given in a deed to the qualifying expressions, " be the same, more or less," which are in such general use. They have been held to cover a deficiency of up-

wards of five out of forty-one acres.  (1 *Ves .& B.* 375;) but not of one hundred out of three hundred and forty-nine acres.  (2 *Russ. R.* 570.)

[4.] If land be sold by measurement and the price controlled by reference to this, these terms would not include a part or nearly double the quantity of acres specified.  But where a settlement or plantation is conveyed, and the price not fixed in reference at all to the quantity of ground, perhaps neither these nor any other qualifying words would count.