## Cox *vs.* Jones.

One who bought land at a sheriff's sale sold it to another. The description, both in the sheriff's deed and in the bond for titles given by the vendor to the vendee, was as follows: " The following lots of land, numbers (248) two hundred and forty-eight," etc. (giving other numbers), " containing each two hundred and two and one-half acres, more or less, and one hundred acres, more or less, off of lot number (229) two hundred and twenty-nine, or so much thereof as is not owned by Mr. Grier, and lot number 263, containing one hundred and fifty-two and a half acres, more or less, or so much thereof as does not belong to Mrs. Pope, containing in all one thousand and sixty-two and one-half acres, more or less." The purchaser wrote a number of letters after the purchase, promising to pay, and so promised, even after knowledge that the entire lot number 263 was claimed by Mrs. Pope. The purchaser also lived in the neighborhood of the land, while the vendor lived at a distance.

*Held*, that the court did not err in charging that, if the entire lot number 263 was held by Mrs. Pope at the time of the trade, the vendor would not be bound to make a title to it, and the vendee could not claim a deduction from the general price of the entire purchase on account of it.

(*a*.) A verdict for the vendor was demanded by the evidence.

May 1, 1886.

Deeds. Title. Fraud. Contracts. Verdict. Before Judge JOHN T. CLARKE. Terrell Superior Court. November Term, 1885.

Jones brought suit against Cox on certain notes given by the latter for the purchase money of land. He also brought ejectment against the same person, who filed a bill in equity against the plaintiff. The real issue involved was, whether Cox was entitled, under the bond for titles received by him, to have a deduction from the purchase price of the entire land by setting up that all of lot number 263 was adversely held by "the Pope estate." The bond and the other facts necessary to an understanding of the case are set out in the decision.

The jury found for the plaintiff the balance of the purchase money due on the notes. The defendant moved for a new trial because the verdict was contrary to law and evidence, and because the court charged to the effect that, if Mrs. Pope held the whole of lot number 263, Jones was not bound to make titles to any part of it, and Cox would not be entitled to any reduction of the price on that account. The motion was overruled, and Cox excepted.

D. A. VASON, by brief, for plaintiff in error.

C. B. WOOTEN, by J. H. LUMPKIN, for defendant.

JACKSON, Chief Justice.

Three cases—one for land, one for purchase money, and the other in equity, involving the same question—were tried together, Jones being plaintiff and Cox defendant in the two first, and Cox complainant and Jones defendant in the bill. The jury found in favor of Jones the premises in dispute and the sum sued for.

The case seems to turn on the construction of the bond for titles given by Jones to Cox. It obligated Jones to make title to "the following lots of land, 248, etc. (giving

other numbers), containing each 202½ acres, more or less, and one hundred acres, more or less, off of lot number 229, or so much thereof as is not owned by Mr. Grier, and lot number 263, containing 152½ acres, more or less, or so much thereof as does not belong to Mrs. Pope, containing in all one thousand and sixty-two and one-half acres, more or less."

The dispute was about number 263 and Mrs. Pope's claim. Jones had just bought the place at sheriff's sale, and the sheriff's deed to him uses the precise language of the bond he gave to Cox. Cox was put upon notice in respect to Mrs. Pope's claim on number 263, both in the bond and the sheriff's deed. It was put in the bond by the clerk who transcribed the description from the deed of the sheriff when the bond was made to Cox. Moreover, after full knowledge of Mrs. Pope's claim, Cox wrote to Jones that " it is reported that I did not intend to pay you anything more on the land until you settled the dispute about the disputed lot. That is not so. I intend to pay you as soon as I can." The only disputed lot is that in contention between them now, which is number 263, with Mrs. Pope's claim thereon, and other subsequent letters, and letters before this, are excuses to pay on account of misfortune in farming, etc. So that, considering also that Jones lived in Macon and Cox in the neighborhood of the land, there can be no pretense of fraud in Jones's conduct, and Cox took the bond with his eyes open. That bond only gave him the lot in question, subject to Mrs. Pope's claim upon it. He should have looked to see what it was before he traded; and there was no error in the charge of the court that, if the entire lot, 263, was held by Mrs. Pope at the time of the trade, Jones would not be bound to make titles to it, and Cox could not claim a credit from the general price of the entire purchase on account of it. See *Lee, adm'r, vs. Hester,* 20 *Ga.,* 588; Code, §2642. Really, the verdict was demanded by the facts.

Judgment affirmed.