Daniel J.
 

 The plaintiff’s equity rests on mistake, and by no means on the ground of fraud. The number of acres' stated in the contract, although accompanied by the words “more or less,” and the round sum $ 5000 given by the purchaser, shows that
 
 the
 
 said numbers composed a principal part of the description of the land sold. The small tracts of land, which were intended to make up the aggregate amount of 1670 acres, are not described, in the contract, by metes and bounds. The plaintiff says, that there is a mistake in the description of the land of 355 acres, worth $ 1,266. The defendants in their answers state, that they
 
 believe
 
 that there is no mistake in the quantity of acres mentioned in the written contract; and they ground their belief upon an
 
 ex parte
 
 survey of the land made by one Calloway. It is seen, at once, that the master is the proper person, who, by a report, can settle this dispute. The master can have a correct survey made, when and where the parties can attend; he can call witnesses before him, and examine them as to all pertinent facts. The words, “more or less” used in the contract, cannot extend so far as to prevent the plaintiff’s demand, when the mistake amounts to so large a number of acres and of such a value as is stated in this bill. The case of
 
 Leigh
 
 v. Crump, 1 Iredell’s Eq. 299, is an authority for the plaintiff. Again, it is a general rule, in a suit for specific performance, in which the single question is, whether the vendor can make a good title, that the court at the present day directs a reference to the master to enquire into the title; and this, even without the consent of the other party,
 
 Brooke
 
 v.
 
 Clarke,
 
 1
 
 Swanst.
 
 551.-—
 
 Shelton,
 
 1
 
 Ves. & Bea.
 
 519. Atkinson on Titles 226, says, that either party to the suit is, as a matter of right, entitled to have a reference upon the title.
 

 
 *380
 
 In a case like this, where the answers do not clear up the cannot expected that the plaintiff should be requiret^ t0 Part money, without first seeing that his title to 'the land was well secured. In this court the vendor has not a right to the price, if it be not seen that he is able and ready to convey the land sold.
 

 Secondly,
 
 on the coming in of the answer of Hamilton, the court permitted the plaintiff to file an additional affidavit to repel the force of that answer. This was wrong. Except in a few excepted cases, though five hundred affidavits were filed, not only by the plaintiff, but by many witnesses, not one could be received for the purpose of contradicting the answer.
 
 Clapham
 
 v.
 
 White,
 
 8 Ves. 35.
 
 Drewry on Injunction,
 
 424. But we think, that there was enough in the original bill to uphold the injunction to the hearing, notwithstanding the answers.
 

 Per Curiam, Ordered that , a certificate issue accordingly.