# Southern Railway Co. v. Choate.

*Action of Ejectment.*

1. *Forfeiture of railway land grant; rights of way excepted by forfeiting act.*—The act of Congress, September 29, 1890, whereby certain lands theretofore granted to the state in trust for certain railroads, (U. S. Statutes, June 3, 1856; April 10, 1869), were forfeited to the United States, but providing "that this act shall not be construed as forfeiting the right of way or station grounds of any railroad company heretofore granted," did not forfeit to the United States the right of way over such lands acquired by a railroad company, other than the beneficiary of the grant, under condemnation proceedings in the state court, after the grant, and before the forfeiture. (McCLELLAN, J., *dissenting*.)

APPEAL from Cherokee Circuit Court.

Tried before Hon. J. A. BILBRO.

The facts are stated in the opinion. The court gave the general affirmative charge for plaintiff, and refused a like charge for defendant. These rulings are assigned as error.

BURNETT & CULLI, for appellant.—The condemnation proceedings conclude any right the plaintiff then had, or subsequently acquired by him; his after acquired title inured to the benefit of defendant.—*Farrow v. N. C. & St. L. R. R. Co.,* 109 Ala. 456; 19 Am. and Eng. Encyc. Law, 846; Rev. Stat. U. S. 2288; *Iverson v. Dubose,* 27

Ala. 422-3; 6 Am. and Eng. Ency. Law, 587, 591 and notes 7 and 8; 4 Rapalje and Mack's Digest, 362. The Government, by its Forfeiting Act did not revest itself with the title to this right of way, but only with the fee encumbered with and subject to this easement. Choate took his patent *cum onere.*—19 Am. & Eng. Encyc. Law, note p. 372, and note p. 332.

DANIEL & BRINDLEY, *contra.*—Appellee, at the time of condemnation proceedings, had no ownership of the property sought to be taken for public use, within the meaning of the law of eminent domain, and therefore the proceedings were *coram non judice* and void.—*Old and New Decatur B. & T. R. Co. v. Korcher, et al.,* 21 So. 825; 6 Am. and Eng. Ency. Law, 608. The method of acquiring a right of way over public lands is defined by act of Congress, March 3, 1875. If this statute had been complied with, the right of defendant would have accrued when the land subsequently reverted to the United States.—*Alexander v. Kansas City, Ft. Scott & M. R. Co.,* (Mo.) 40 S. W. 104; Am. Annual Dig. 1897, (Cal.) 4423.

COLEMAN, J.—The appellee, Choate, sued in ejectment and recovered a parcel of land, included in and covered by the land described in the complaint. The other portion of the land, not involved in this appeal, was disclaimed by the defendant. The facts pertinent to the questions of law, presented by the record for adjudication, may be substantially stated as follows: The railroad of defendant runs across the lands sued for, and it is the right of way that is involved. The lands were granted by Congress to the State of Alabama for the benefit of the Coosa & Chattooga Railroad.—See U. S. Statutes, June 3d, 1856, April 10th, 1869, and Acts of the Legislature of Alabama, Feb. 8th, 1858. Some time prior to 1881 the plaintiff purchased from some person who was occupying the land, but the right or interest of the vendor, if he had any, does not appear, and moved upon the land with his family, and has ever since resided upon the land as a homestead. The Coosa & Chattooga Railroad was never constructed, and so far as appears, no work was undertaken to construct it. In 1887, the Rome & Decatur Railroad, by regular condemnation proceedings in the court of probate of Cherokee

County, the county in which the lands are situated, had the right of way condemned. The plaintiff was a party to the condemnation proceedings as the owner of the lands His damages were assessed, for a width of fifty feet as a right of way, and he received the money. The Rome & Decatur Railroad was built and operated, and the defendant succeeded to all its right and claims to the right of way. On the 29th of September, 1890, the following statute was enacted, as appears in the bill of exceptions: "That there is hereby forfeited to the United States and the United States hereby resumes the title thereto, all lands heretofore granted to any state or any corporation to aid in the construction of a railroad opposite to and continuous with the portion of any such railroad not now completed and in operation, for the construction or benefit of which such lands were granted, and all such lands are declared to be a part of the public domain; *Provided* that this act shall not be construed as forfeiting the right of way or stations grounds of any railroad company heretofore granted." After the enactment of this statute, the plaintiff homesteaded the lands, and in due time received a patent therefor from the government. The plaintiff relies upon the title acquired by the patent, and the defendant, upon the decree of condemnation, the payment to plaintiff and the continuous possession and user since the rendition of the decree.

Many questions are raised in argument by brief of appellee as to the deficiency of the petition for the condemnation of the right of way, etc. These questions are all excluded by the recitals in the bill of exceptions. There are only two questions deserving consideration. One is, whether the act of Congress, forfeiting the lands to Congress and resuming title divested the defendant of its right of way, and second, if so, whether under the facts, the title acquired by the patent enured to the defendants. The proviso, in the forfeiture act, is broad enough to include within the exception, the present right of way, and no good reason occurs to us, why a restrictive construction should be given to it. It was certainly within the contemplation of Congress, that other railroad corporations, or other corporations, invested with the privilege of eminent domain, might acquire easements over the lands which had been do-

[New England Mortgage Security Co. v. Clayton.]

nated to the state, in trust for certain specified railroads. The proviso clearly was not intended to be limited to the beneficiary railroads; nor can we conceive that it refers to grants of rights of way by Congress over these lands, after the grant, and before the act of forfeiture. It would only be just to protect from the forfeiture, by proceeding in the state court, corporations which, in the only way it could be done, had acquired the right of way after the grant and before the forfeiture, across the lands which had been donated.

We have been referred to no judicial construction of the statute, and in construing it in the light of all the facts, we are of opinion that the statute of the United States, forfeiting these lands, did not forfeit the right of way owned by the defendant. Under this view of the law, the plaintiff can never recover, and the defendant should have been given the benefit of an affirmative charge. It is unnecessary to discuss any other question.

Reversed and remanded.

BRICKELL, C. J., concurs in the opinion of the court and further holds, that the plaintiff is estopped by the judgment rendered in the condemnation proceeding.

MCCLELLAN, J., *dissenting.*