# Terry, *et al. v.* Rich.

### Breach of Covenant.

(Decided November 16, 1916.  73 South. 76.)

1. **Vendor and Purchaser; Sale in Gross.**—Generally, where specific or designated tracts of land are sold as a whole for a gross sum, and there is no express or implied warranty as to quantity, the transaction is termed a sale in gross.

2. **Same; Abatement in Price.**—Where land is sold in gross, and the quantity of land is subsequently found to be less than supposed or estimated at the time of the sale, the purchaser is not entitled to a diminution or abatement of the purchase price, in the absence of fraud or gross mistake, the theory being that the purchaser gets the specific land which he contracted for, and must be deemed to have assumed the risk of deficiency in quality.

3. **Same.**—Where land is sold by the acre, and not by definite and certain boundaries, and there is a material and substantial variance between the acreage contracted for and that subsequently ascertained to exist, equity will place the parties in the same relative position in which they would have stood had the real quantity been known at the time of the bargain.

4. **Same; Sale in Gross or by Acre.**—Whether the statement of quantity of land in a conveyance is to be regarded as descriptive, or of the essence of the contract, largely depends upon the manner of its use, and its connection with other descriptive parts.

5. **Same; Abatement; Part in Gross and Part by Acre.**—Where several tracts of land sold together for a lump sum, were conveyed, some in gross and some by quantity of acre, there being no fixed acreage price, the amount of the damages, or abatement in purchase price for deficiency in quantity of those parcels sold by the acre should be the proportionate value of the missing acres, based on the purchase price of the whole.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by C. A. Terry and others against J. M. Rich for breach of covenant of warranty. Judgment for defendant on demurrer, and plaintiffs appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The description contained in the deed is as follows: 7 acres in the NE corner of NE¼ of SE¼, § 7, commencing at Grissom Ferry Road, thence the Turner Gin Lot the line to a ditch, thence ditch the line to William Davis line, thence William Davis line east to Grissom Ferry Road, then said road to corner of Turner Gin Lot to beginning; also 30 acres in SE¼ of NE¼, Sec. 7, the north line of which is the Coosa Valley Road; also 25 acres in the SW¼ of NW¼, Sec. 8, T. 18, R.3, and the SE¼ of the SW¼, S. 8, T.18, R.3, all being situated in St. Clair County.

The breaches alleged are: (1) That defendant is not lawfully seized in fee simple of the premises as described. (Then follows an allegation of breach as to each separate part described, etc.) The demurrers are that complaint fails to state a cause of action, and that it does not appear that plaintiffs were not fully apprised of the lands which they were purchasing and intended to purchase from defendant; no false or fraudulent representation or concealment as to the amount of land; it does not appear that plaintiff did not know of the alleged shortage in the acreage of said tract of land at the time of the execution of said deed; and others not necessary to be here set out.

M. M. & VICTOR SMITH, for appellant. EMBRY & EMBRY, for appellee.

ANDERSON, C. J.— (1, 2) "The general rule is that when specific or designated tracts or parcels of land are sold as a whole for a gross sum, and there is no express or implied warranty as to quantity, the transaction is termed a sale in gross. In such a sale quantity is not of the essence of the contract, and in the absence of fraud or gross mistake the purchaser is entitled to no diminution or abatement of the purchase price, if the quantity of land is subsequently ascertained to be less than was supposed or estimated at the time of the sale.—*Winston v. Browning*, 61 Ala. 80; *Hodges v. Denny*, 86 Ala. 226, 15 South. 492; *Pearson v. Heard*, 135 Ala. 348, 33 South. 673. The theory on

which relief is denied is that the purchaser gets the specific land which he contracted to buy, and must be deemed to have assumed the risk of deficiency in quantity. *Terrell v. Kirksey,* 14 Ala. 209; *Frederick v. Youngblood,* 19 Ala. 680, 54 Am. Dec. 209; *Rogers v. Peebles,* 72 Ala. 529; *Melick v. Dayton,* 34 N. J. Eq. 245; *Morris Canal Co. v. Emmett,* 9 Paige (N. Y.) 168, 37 Am. Dec. 388."—*Brassell v. Fisk,* 153 Ala. 560, 561, 45 South. 70.

(3-5) But this rule has no application to sales by the acre ·as distinguished from sales in gross. "A different rule governs, when it is apparent from the conveyance that the land is not described by definite and certain boundaries, which furnish the standard of quantity; and the representation of the number of acres is an essential ingredient of the contract, regulating the aggregate sum to be paid. In such case, if there be a material and substantial variance, equity will place the parties in the same relative condition in which they would have stood had the real quantity been known at the time of the bargain.—*Winston v. Browning,* 61 Ala. 80; *Harrison v. Talbot,* 2 Dana (Ky.) 258. Whether the statement of the quantity in a bond or deed shall be regarded as descriptive, or of the essence of the contract, largely depends upon the manner of its use and its connection with other descriptive parts."—*Hodges v. Denny,* 86 Ala. 226, 5 South. 492. The deed in the case at bar recites a gross or lump consideration for the land conveyed and does not attempt to fix or define the total acreage. It conveys four separate and distinct parcels or subdivisions, for the recited consideration of $2,000. As to the first parcel, while it sets out seven acres, it further proceeds to define the same by metes and bounds and as to this, under the rule first declared, there was no warranty that it contained seven acres, and as to the fourth or last parcel or subdivision, it is per government number. Indeed, there is no contention as to a shortage or breach of warranty as to the first and fourth parcels. The second parcel, however, is "30 acres in SE¼ of NE¼, Sec. 7, the north line of which is the Coosa Valley Road," while the third parcel calls for "25 acres in the SW¼ of NW¼, Sec. 8, T.18, R.3." As to these two parcels, and as to which a breach is assigned, there is no definite and specific description which would render the quantity meaningless or prevent it from being of the essence of the contract. There is nothing to afford definite information to the parties as to what land was being sold and purchased independent of the designation of the number of acres in each subdi-

[Terry, et al. v. Rich.]

vision.    Indeed, it may require parol evidence, in connection with
the recitals of the deed, to locate the land intended to be conveyed.
—*Harrelson v. Harper,* 170 Ala. 119, 54 South. 517; *Cottingham
v. ·Hill,* 119 Ala. 353, 24 South. 552, 72 Am. St. Rep. 923.    It is
manifest that as to these parcels the parties contracted for quan-
tity, that is, 30 acres in the SE¼ of the NE¼ of section 7, lying
south of the Coosa Valley road and 25 acres in the SW¼ of the
NW¼, section 8.    While most of the cases on this subject have
been examined and the rule seems to be quite clear as to when the
sale is in gross or by quantity, this case is not free from difficulty
because of the fact that each rule has here a field for operation
as to separate parts of the land, as the description as to some of
the land brings it within the bulk or gross ·class while the rule
as to quantity must apply to the rest, which lacks such a descrip-
tion, aside from the number of acres, as to give it any degree of
certainty as to what was intended to be conveyed.    In fact, the
only other instrument which is similar to this one in this respect,
as considered in the numerous cases on the subject, is the bond
construed in the case of *Hodges v. Denny, supra.*    The chief diffi-
culty, however, that this fact presents, is not in determining
whether or not the sale was by quantity as to the parcels gov-
erned by this rule, but as to the measurement of damages for the
shortage in the number of acres.    The rule seems to be that the
vendee can only recover the purchase price paid and interest;
that is, what he paid for the land that he did not get; that is, in
the absence of fraud or wrongful conduct upon the part of the
vendor.—*Snodgrass v. Reynolds,* 79 Ala. 452, 58 Am. Rep. 601;
*Prestwood v. McGowin,* 128 Ala. 277, 29 South. 386, 86 Am. St.
Rep. 136.    Therefore, if the price paid was so much per acre,
there can be little difficulty in fixing the damages, and if the pur-
chase was by the acre, this fact can be shown by parol, notwith-
standing the consideration as expressed in the deed is in lump for
the entire purchase.—*Hodges v. Denny, supra.*    On the other
hand, if there was no agreement of fixed price per acre for the
land contracted for and the consideration was a lump sum for the
parcels as described, as well as the two sold by quantity, then
the amount of damages should be proportionate to what value the
missing acres bear to the other land with the total purchase price
as a basis for valuation.

The complaint was not subject to the grounds of demurrer in-
terposed to same, and the trial court erred in sustaining the

demurrer, and the judgment is reversed and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.