**HILL v. JOHNSON.   (2 Div. 871.)**

(Supreme Court of Alabama:   Nov. 19, 1925. Rehearing Denied Jan. 21, 1926.)

1. Evidence ☞379—Plat of lands surveyed by county surveyor, though not self-proving, may be offered in connection with testimony of surveyor.

Under Code 1923, § 10352, a plat of land surveyed by county surveyor is not self-proving, but surveyor shown to have experience may testify as witness to his survey and its correctness, whereupon plat may be offered in evidence in connection with his testimony.

2. Evidence ☞520—Testimony of surveyor, stating as fact acreage of land described in deed, properly received.

Testimony of surveyor, stating as fact acreage of lands described in deed, having first testified to his experience, and that he had made survey, held properly received.

3. Evidence ☞379—Correct statement of surveyor of acreage was equivalent of saying survey made for purpose of ascertaining acreage was correct.

Where survey was made for purpose of ascertaining acreage, surveyor's direct statement that acreage was correct was equivalent of saying survey was correct.

4. Evidence ☞594—Court will find in accordance with survey, which is not questioned by other testimony.

Where correctness of survey was not questioned by any other testimony, court was due to find in accordance therewith.

5. Deeds ☞114(4)—Statement of number of acres more or less is merely cumulative, where conveyance contains definite description by subdivisions, or metes and bounds.

Where conveyance of land contains definite description, by subdivisions, or metes and bounds, addition of statement of number of acres more or less is merely cumulative of description.

6. Reformation of instruments ☞45(5)—Quantity of land recited in deed may become ample evidence of mistake, in proceeding to reform instrument.

In a direct proceeding to reform instrument because of error in description, quantity of land as recited therein may become ample evidence of mistake, and the greater the variance the more probable a mistake.

7. Vendor and purchaser ☞65(1)—"More or less" defined.

Words "more or less" usually mean about, substantially, or approximately, and imply that

both parties assume risk of any ordinary discrepancy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, More or Less (Realty).]

**8. Vendor and purchaser ⬦65(2)—Where price is stated as lump sum, it implies prima facie that parties have so contracted.**

If price is stated as a lump sum and not so much per acre, it implies prima facie that parties have so contracted, and no survey is contemplated to ascertain exact acreage.

**9. Reformation of instruments ⬦45(5)—Equity will grant relief, where mutual mistake was made in ascertaining lump price on basis of acreage.**

On a bill for reformation, if it clearly appears that parties contracted on basis of acreage, and lump price was agreed to, on mutual mistake, grossly affecting consideration, equity will grant relief.

**10. Vendor and purchaser ⬦65(2)—Shortage approximately one-third area stipulated will not be considered within saving clause "more or less," though circumstances show area is material basis of contract.**

That land is valuable in proportion to acreage and not by reason of special improvements, and that price is in round figures, are circumstances indicating that area was material basis of contract, but shortage of approximately one-third area will not ordinarily be considered within saving clause "more or less."

**11. Equity ⬦41—Rule that chancery will not retain bill, if equity of bill fails, does not apply to bill for reformation of deed calling for definite tract of land at lump price.**

Rule that, if equity of bill fails, chancery will not retain bill to grant relief available at law, does not apply in bill for reformation of deed, where relief granted was founded upon mistake in deed, as in suit at law deed would cut off any evidence varying its terms as to area conveyed.

**12. Equity ⬦427(3)—Court of equity, under prayer for general relief, will mold its decree to meet case made by pleadings and proof.**

It is peculiar province of court of equity, in a prayer for general relief, to mold its decree to meet case made by pleadings and proof.

**13. Reformation of instruments ⬦45(5)—Finding that there was mistake in contract and deed held correct.**

Finding of court that there was mistake in contract and deed, with inability to determine particular land that parties intended should be conveyed, *held* correct, in view of fact that parties were unskilled in matters of land numbers, and were dealing with land bounded by meanderings of creek.

**14. Appeal and error ⬦931(1)—Findings of fact of trial judge, sitting as a jury, on oral testimony, accorded same presumption as verdict of jury.**

Findings of fact of trial judge, sitting as a jury, on oral testimony, are accorded same presumption as verdict of jury.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Bill in equity by Dillard Johnson against Mary F. Hill. From a decree for complainant, respondent appeals. Affirmed.

Thos. F. Seale, of Livingston, for appellant.

Reformation of a conveyance will not be awarded, except upon certainty of evidence; mere preponderance is not sufficient. 2 Pomeroy, Eq. Jur. (3d Ed.) §§ 852–862; Moore v. Tate, 114 Ala. 582, 21 So. 820; Hand v. Cox, 164 Ala. 348, 51 So. 519; Hammer v. Lange, 174 Ala. 337, 56 So. 573; Hough v. Smith. 132 Ala. 204, 31 So. 500; Hertzler v. Stevens, 119 Ala. 333, 24 So. 521. When the complainant fails to make out the only ground for relief which gives the court jurisdiction, his bill cannot be maintained on account of other grounds for relief, and which may be enforced in an action at law. Bryan v. Cowart, 21 Ala. 92; Pond v. Rockwood, 8 Ala. 669; Harrison v. Deramus, 33 Ala. 463; Farmers' Sav. Bank v. Murphrée, 200 Ala. 574, 76 So. 932; 19 L. R. A. (N. S.) 1072.

B. F. Elmore, of Demopolis, R. P. Roach, of Mobile, and J. D. Lindsey, of Butler, for appellee.

A mere conflict in the evidence does not deprive complainant of the right to a reformation. Blackburn v. Perkins, 138 Ala. 305, 35 So. 250. The sale of 500 acres, more or less, was the sale of a specified quantity of land. Hodges v. Denny, 86 Ala. 226, 5 So. 492; Terrell v. Kirksey, 14 Ala. 209. The equities of the case justified the court in granting relief for deficiency in acreage under the general prayer. Manning v. Carter, 201 Ala. 218, 77 So. 744; Terry v. Rich, 197 Ala. 486, 73 So. 76. The primary ground of jurisdiction was the mistake in the instrument, which was proven; the remedy at law is inadequate, since no recovery for the deficiency there could be had. Stone v. Hale, 17 Ala. 557, 52 Am. Dec. 185; Arnold v. Fowler, 44 Ala. 167; Williams v. Mitchell, 30 Ala. 299; Pierce v. Brassfield, 9 Ala. 573.

BOULDIN, J. The bill is for the reformation of a deed to lands in matter of description. The case made by the bill, so far as material to present purposes, may be summarized thus: Complainant purchased from respondent a tract of lands described in the bill, estimated at 500 acres, more or less, at the price of $5 per acre. The lands were pointed out to complainant at the time of purchase and he took possession thereof. At that time, 1912, an executory contract of purchase was executed in writing. This contract described the lands by government subdivisions, and fractional subdivisions, lying south or west Tickabum Creek, all in section 22,

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

township 14, range 1 west, in Choctaw county, "containing 500 acres, more or less," "for the sum of $2,500." It is alleged there was a mistake of description, in that it included in the government numbers a small parcel north of Tickabum creek, and omitted that part of N. W. ¼ of section 26 (cornering with section 22) lying west of Tickabum creek, containing 150 acres, more or less. In 1917, after portions of the purchase money were paid, a deed to the lands was executed describing only the lands in section 22 lying south and west of Tickabum creek. The deed omitted the stipulation in the contract for "500 acres, more or less."

The prayer of the bill is that the deed be reformed so as to include the lands in section 26 omitted by mistake, and "for such other and further relief as in equity and good conscience he is entitled to under the allegations and proof." This is a prayer for general relief.

The answer denies any mistake of description; alleges the contract in writing correctly describes the land agreed to be sold; that it was always estimated at about 500 acres, but was not sold at $5 per acre, but as a body of land known at the time to the purchaser at a lump sum of $2,500; denies the lands in section 26 were pointed out as part of the land sold or that complainant took possession thereof.

There are other averments and denials in the pleadings as to the knowledge and skill of complainant, a colored man, in comprehending government numbers; the preparation of the contract and deed by respondent; the care taken in explaining same to complainant, etc. Further details need not be given.

The cause was heard by the trial judge sitting as a jury on the oral testimony of witnesses taken before him. The findings of fact, with the relief granted, and the reasons therefor, are best shown in the following quotation from the final decree:

" * * * The court is of the opinion that the complainant is entitled to relief, but not that relief prayed for under the special prayer of the bill of complaint. The court is of the further opinion that, under the general prayer of the bill of complaint, on the allegations of the bill and the proof sustaining them, the respondent agreed to sell and convey to the complainant 500 acres of land more or less, for $2,500, being at the rate of $5 per acre, but the court cannot ascertain beyond a reasonable doubt just what particular land other than that in section 22 the respondent agreed to sell to complainant. The court finds the law to be well settled that the reformation of a conveyance, or other written instrument, because of an alleged mistake therein, will not be decreed, unless such mistake is fully and satisfactorily shown by clear and distinct proof.

"While the court is of the opinion that a mistake in the contract and deed has been established by this measure of proof, it is not so satisfied of the particular land, in addition to that in section 22, that the parties intended should be conveyed.

"The court, however, is satisfied beyond a reasonable doubt, and so finds, that there is a deficiency of 150 acres of land that, according to the agreement of the parties, should have been conveyed, but which the proof shows was not conveyed by respondent to complainant. To this extent complainant is entitled to an abatement of the purchase money which had been paid in full when the bill was filed. This justifies a decree for the complainant, under the general prayer for relief, to compensate him for the deficiency at the rate of $5 per acre, which the court finds is the proper measure of damages, with interest thereon, from the date of the filing of the bill."

It was decreed accordingly.

[1] A plat or map of lands surveyed by a county surveyor is not self-proving, or evidence per se, unless made upon notice to the parties, signed officially, and showing the matters prescribed by statute. Code 1923, § 10352. But the surveyor, shown to have experience as such, may testify as a witness to his survey, and its correctness, whereupon the plat may be offered in evidence in connection with his testimony. Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182; Vandiver v. Vandiver, 115 Ala. 328, 22 So. 154; Garrison v. Glass, 139 Ala. 512, 36 So. 725.

[2-4] The witness Boswell, having testified, first, to his experience of 10 years; that he was county surveyor; that he had made a survey of the lands in question, his further testimony stating as a fact the acreage of lands in the several subdivisions described in the deed, and in N. W. ¼ of section 26, west of Tickabum creek, was properly received. The survey being made for the purpose of ascertaining the acreage, his direct statement of the acreage was the equivalent of saying the survey was correct. Respondent was free to test the correctness of the survey by inquiring into further details on cross-examination, if desired. The correctness of his survey not being questioned by any other testimony in the record, the court was due to find that the subdivisions and fractions thereof described in the deed covered 339 acres, and the N. W. ¼ of section 26, west of the creek, 150 acres.

[5, 6] Where a conveyance of lands contains a definite description by subdivisions, or metes and bounds, or both, the addition of a statement of the number of acres, more or less, is merely cumulative matter of description. In construing the deed as written, as in actions at law, the particular description must control; but in a direct proceeding to reform the instrument because of error in the description, the quantity of land as recited therein may become important evidence of mistake, either in failing to include all the land, or mistake in the acreage covered by the description. The greater the variance, the more probable a mistake.

[7, 8] The words "more or less" usually mean "about," "substantially," or "approximately," and imply that both parties assume the risk of any ordinary discrepancy, such as unequal acreage of government subdivisions, or estimates on small fractions bounded by the meanderings of a stream. If the price is stated as a lump sum, and not so much per acre, it implies prima facie that the parties have so contracted, and no survey is contemplated to ascertain the exact acreage.

[9] But, upon a bill for reformation, if it clearly appears the parties contracted upon the basis of acreage, and the lump price was agreed to upon a mutual mistake grossly affecting the consideration upon which the agreed price was fixed, equity will grant appropriate relief.

[10] That the land is valuable in proportion to acreage, and not by reason of special improvements, and that the price is in round figures, such as $2,500 for 500 acres, more or less, are circumstances indicating that area was a material basis of the contract. A shortage of approximately one-third the area stipulated will not ordinarily be considered within the saving clause "more or less." Carling v. Wilson, 177 Ala. 85, 89, 58 So. 417; Hodges v. Denny, 86 Ala. 226, 5 So. 492; Hurt v. Freeman, 63 Ala. 335; Manning v. Carter, 201 Ala. 218, 77 So. 744; Lee v. Hester, 20 Ga. 588; Manning v. Carter, 192 Ala. 307, 68 So. 909; Terry v. Rich, 197 Ala. 486, 73 So. 76; Bigham v. Madison, 103 Tenn. 358, 52 S. W. 1074, 47 L. R. A. 267; Blackburn v. Perkins, 138 Ala. 305, 35 So. 250; Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109; Gentry v. Hamilton, 38 N. C. 376; Harrell v. Hill, 19 Ark. 102, 68 Am. Dec. 202; Boggs v. Bush, 137 Ky. 95, 122 S. W. 220; 18 C. J. 289, § 262; 34 Cyc. 938; 2 Devlin on Deeds, § 104.

[11] Appellant argues that the complainant having failed to sustain the equity of his bill as presented, the case could not be retained to award relief by way of abatement of the purchase price. Reliance is had on the general rule that, if the equity of the bill fails, chancery will not retain the bill to grant relief equally available at law. Farmers' Sav. Bank v. Murphree, 200 Ala. 574, 76 So. 932.

We think this rule does not apply. The deed called for a definite tract of land at a lump price. It omitted any stipulation of acreage as in the original contract. In a suit at law the deed would cut off any evidence varying its terms as to area conveyed.

[12] The relief granted is founded upon a mistake in the deed. The court in a sense writes into the deed the stipulation as to acreage as part of the contract, and grants an alternative form of relief to meet the equities of the case as he finds them. It is the peculiar province of the court of equity, under the prayer for general relief, to mold its decree to meet the case made by the pleadings and proof.

We have carefully considered the evidence. A review of it here would unduly extend this opinion and serve no good purpose.

We concur with the trial court in his finding that it was the contract of the parties to convey substantially 500 acres of land, and that the price was fixed on that assumption.

The parties contemplated either that the lands south of the meandering creek in section 22 were of about that area, or else it was intended to include other lands. Mrs. Hill, in 1916, wrote complainant he had lands in section 27. Complainant and his witness insist it was in section 26, pointed out to him, and possession taken thereof.

In cross-examination of Mrs. Hill appears the following:

"Q. Do you know how many acres of land in section 22 you sold to Dillard? A. Five hundred acres more or less. * * *

"Q. You did sell him 500 acres more or less? A. Yes, sir.

"Q. That was your contract with him? A. Yes, sir."

[13, 14] The parties being unskilled in matters of land numbers, and dealing with lands bounded in part by the meanderings of a creek, the court arrived at the surest result obtainable. His findings of fact on oral testimony are accorded the same presumption as the verdict of a jury. His decree speaks the justice of the case, and is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.