(133 So. 684)

**FRANKLIN v. SCOTT.**

3 Div. 934.

Supreme Court of Alabama.

March 5, 1931.

Rehearing Denied April 23, 1931.

Warren S. Reese and Warren S. Reese, Jr., both of Montgomery, for appellant.

Ball & Ball, of Montgomery, for appellee.

BOULDIN, J.

The reformation of a deed to lands, a muniment of title, the solemn memorial of the transaction duly signed, acknowledged, delivered, and accepted, is to be had only on testimony clear, convincing, and satisfactory. Hertzler, Jr., v. Stevens, 119 Ala. 333, 24 So. 521; Hammer v. Lange, 174 Ala. 337, 56 So. 573; Booth v. Cornelius, 189 Ala. 44, 66 So. 630.

In this case the trial court saw and heard the witnesses. His findings of fact are to be accorded all the presumptions indulged in favor of the verdict of a jury. Cox v. Stollenwerck, 213 Ala. 390, 104 So. 756.

A careful examination of this record with both these principles in mind leads us to the conclusion that a proper case for reformation was not made out.

On the purchase of the lot in 1920, title was made to Sol Scott and Rhoda Scott, husband and wife. The present suit seeks to reform this deed so as to strike out the name of the husband, this by way of an equitable defense to a suit in ejectment for an undivided half interest brought by Dollie Franklin, claiming as heir at law of Sol Scott, now deceased.

To make clear our conclusion without protracted discussion of details, the evidence is not clear and satisfactory that the grantor, who caused the deed to be prepared by one not shown to have any information other than received from him, intended and directed the deed to be made to the wife alone. True, he testifies to having given such directions, but does not remember who drew the deed for him, nor any circumstance of time and place. The deed, duly signed and acknowledged, recites the names of Sol Scott and Rhoda Scott as grantees four times.

Moreover, Rhoda Scott testifies that, when she complained that it was not made to her

alone, Mr. Burge, the grantor, said, "Rhoda, you go on, you all is husband and wife, and just let it go on that way;" and again, "I carried them back to Mr. Burge, and made a fuss about it, and his wife told him he ought to have asked me before he had the deeds drawn up."

Under the law of reformation, it must clearly appear that both parties intended the deed to be made to Rhoda only, and that it was not drawn to conform to this mutual intention.

The positive testimony of Mr. Burge and Rhoda Scott to the effect that Rhoda paid the consideration, $450 from her savings from year to year as a domestic servant, upon a wage of $20 per month, would support a finding to that effect by the trial court. But it is equally clear that this property was bought for immediate improvement, and that Sol Scott, a thrifty old negro bricklayer, then drawing a pension of $50 per month, did proceed promptly to build upon the lot, doing certain brick work himself, and paying most, if not all, the bills for labor and material, aggregating about $1,200.

Nothing in this record indicates that Sol Scott proceeded on any other notion than that it was joint property, or was his property. Although Rhoda discovered the deed was joint immediately on its delivery, she put it on record a year later, and the property was listed for taxes as joint property so long as Sol Scott lived. We will not protract the discussion. The court erred in decreeing a reformation of the deed.

The decree is reversed, and one here rendered dismissing the cross-bill of Rhoda Scott, in effect an original bill, and directing a retransfer of the cause to the law docket to try any questions at law, including the right of Dollie Franklin to take as heir at law of Sol Scott. Code, § 6492; Smith v. Grayson, 214 Ala. 197, 107 So. 448.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.