42 So.2d 450

## COBB et al. v. MORTON.

### 8 Div. 486.

Supreme Court of Alabama.
Oct. 13, 1949.

Marion F. Lusk, of Guntersville, for appellants.

H. G. Bailey, of Boaz, for appellee.

SIMPSON, Justice.

Appellants owned a twenty-acre farm and appellee owned a small acreage on the state highway, consisting of six and 99/100 acres (disclosed by a survey made subsequently to the filing of the bill of complaint), upon which was situated a store house with stock of goods and a filling station, a six-room dwelling house, with modern conveniences, and a small new barn. Both properties were situated in Marshall County.

The parties to this suit had several conversations over a period of six or eight months relative to exchanging the properties. In November, 1947, they finally traded, and appellants' farm was valued at $5,000 and appellee's properties, together with the store and stock of goods, was valued at $6,675. The parties executed and delivered their warranty deeds to effect the exchange and went into possession respectively of their new properties, the appellants paying to appellee $1,675 cash as the difference in the valuation thereof.

Shortly thereafter and before recordation, appellee lost his deed. His repeated requests directed to appellants to execute another in lieu of the lost one proved fruitless, which precipitated the filing of the bill in this case to require them to execute another deed.

There was no demurrer either to the form or substance of the bill and respondents admitted all its allegations except that portion dealing with the consideration for the exchange of the properties and by way of cross-bill prayed for an abatement of the purchase price on the ground that appellee represented his acreage to be 10½ acres, whereas by survey he conveyed only 6.99 acres.

This appeal is from a final decree granting complainant the relief prayed for and dismissing the cross-bill.

The evidence, as adduced before the register, reflects much conflict. There was evidence that at some time appellee listed with a real estate broker his place for sale and that it contained 10½ acres, and that at another time a sign was placed on the property advertising 10½ acres for sale. The parties to the exchange were neighbors and lived only three-quarters of a mile apart and there is some evidence that each was familiar with the property of the other.

Appellants contend that appellee represented orally that his place contained 10½ acres. Appellee denied this and there is evidence to support his contention that he told appellants that the lot contained ten acres more or less. Appellant T. G. Cobb admitted in his testimony that he was told by appellee of a sale of one-half acre off of the plot before the final trade and on his cross-examination, the following admissions are to be noted:

"Q. Mr. Morton showed you about where the lines were? A. Yes sir, while we was standing in the driveway.

\* \* \* \* \* \*

"Q. The lines were about where he showed you they were wasn't they? A. yes sir."

Appellee's deed conveying the property in question contained no warranty as

to acreage. The lower court found from all the evidence that there was no fraud or gross misrepresentation on the part of appellee and that the deed actually made should be taken as conclusive evidence of the terms of the sale. In this conclusion we concur.

■ In Terry et al. v. Rich, 197 Ala. 486, 487-488, 73 So. 76, the controlling principle was thus reaffirmed: " 'The general rule is that when specific or designated tracts or parcels of land are sold as a whole for a gross sum, and there is no express or implied warranty as to quantity, the transaction is termed a sale in gross. In such a sale quantity is not of the essence of the contract, and in the absence of fraud or gross mistake the purchaser is entitled to no diminution or abatement of the purchase price, if the quantity of land is subsequently ascertained to be less than was supposed or estimated at the time of the sale. Winston v. Browning, 61 Ala. 80; Hodges v. Denny, 86 Ala. 226, 5 So. 492; Pearson v. Heard, 135 Ala. 348, 33 So. 673. The theory on which relief is denied is that the purchaser gets the specific land which he contracted to buy, and must be deemed to have assumed the risk of deficiency in quantity. * * .*' "

This general rule, of course, has no application to sales by the acre as distinguished from sales in gross.

We recognize the general statement of principle in Manning v. Carter, 201 Ala. 218, 77 So. 744, that a seller's honest belief in the truth of a statement of fact made as an inducement to consummation of a contract does not relieve him of his legal liability therefor to one induced thereby to act to his detriment. This general statement of principle, however, in no way detracts from the soundness of the rule, as regards sales of land in gross, that to entitle the seller to an abatement or diminution of the purchase price there has to be fraud or gross mistake on the part of the vendor with reference to the representations as to the amount of acreage—a status not reflected by the present record.

We cannot say with any degree of certainty from the recorded testimony that the quantity of acreage of the highway tract was of any consequence toward inducing the complainant to exchange his twenty-acre tract for the lesser acreage. No stress seems to have been laid, in so far as the testimony discloses, on the amount of acreage of the tract. In fact, from the great disparity in the amount of the respective acreages and values placed on the two properties, it is reasonable to assume that the higher value of the highway tract was determined largely because of its location and the valuable improvements thereon. At least there is nothing from which the contrary may be inferred. The price of the land was expressed in a lump sum without reference to any supposed acreage, which in itself implies prima facie the intention of the parties that the sale was one in gross. Hill v. Johnson, 214 Ala. 194, 106 So. 814; 1 A.L.R.2d 29, 30.

■ Considering all the evidence, we are constrained to hold that the sale was of gross acreage, partaking of the nature of a sale per aversionem, and that quantity was not of the essence of the contract. As heretofore noted, appellant Cobb admittedly had the boundaries of the property pointed out to him, lived adjacent to the property and must have been well acquainted with it; and we think it a fair conclusion that he received the land he contracted for, together with improvements thereon, which, as stated, seem to constitute to a large extent its value.

■ By way of conclusion we may well adopt the following pertinent observation in the case of Brassell v. Fisk, 153 Ala. 558, 561, 45 So. 70, as appropriate here, where it was said:

"* * * A gross or lump sum is recited as the consideration in each of the deeds. Several tracts [here only one tract] are conveyed by the deeds, each of which is definitely limited, and any competent surveyor could easily ascertain its contents; and the parties might have known the quantity of land contained within the limits described before the sale was concluded by taking proper measures.

"In a conveyance of land by deed, in which the land is certainly bounded [here a lot of specific size, less certain particularly described parcels], it is immaterial

whether any or what quantity is expressed, for the description by boundaries seems to be considered conclusive; and when the quantity is mentioned in addition to the description of the boundaries, without any covenant that the land contains that quantity, the whole must be considered as mere description. * * *"

So considered, the ruling below granting complainant relief and dismissing the cross-bill must be sustained.

Let the costs of the appeal be taxed equally against the parties.

Affirmed.

BROWN, FOSTER, and LAWSON, JJ., concur.