57 So.2d 609

BANKHEAD v. JACKSON.

6 Div. 250.

Supreme Court of Alabama.
March 13, 1952.

Bankhead, Skinner & Kilgore, Jasper, for appellant.

Elliott & Petree, Jasper, for appellee.

LAWSON, Justice.

W. W. Bankhead on June 2, 1947, executed a statutory warranty deed conveying to Lucius L. Jackson, for a recited consideration of $300, the following described real property: "All South of the Bankhead Highway in the SE¼ of SW¼ of Section 20, Township 14, Range 8 West, containing four acres, more or less, situated, lying and being in Walker County, Alabama, the coal, iron ore and other minerals being excepted."

Jackson went into possession of all of the land in the forty which lies south of the highway. He sold one acre and made valuable improvements on other parts of the land. The tract of land in the forty south of the highway includes approximately fourteen acres, exclusive of right of ways.

On September 19, 1948, Bankhead filed this bill against Jackson to have the description in the deed reformed so as to give to Jackson only the four acres south of the highway which Bankhead claims that he, his agent and Jackson understood to be covered by the deed. Reformation was sought on the grounds of mutual mistake or a mistake on the part of Bankhead which Jackson at the time knew or suspected. § 136, Title 47, Code 1940; § 59, Title 9, Code 1940. Relief was denied and the bill was dismissed. From such decree Bankhead prosecutes this appeal.

Bankhead claims that the sale was by the acre and that the price of $75 per acre was agreed upon. Jackson contends that the sale was not by the acre, but was a sale by the tract in gross.

For the purpose of determining whether relief on the ground of mistake as to the quantity of land should be granted, the cases have been divided into two general classes: (1) when the sale is of a specific quantity, which is usually denominated a sale by the acre; and (2) where the sale is of a specific tract by name or description, which is usually called a sale in gross. A contract of sale by the acre is one wherein a specified quantity is material. Under such a sale the purchaser does not take the risk of any deficiency and the vendor does not take the risk of any excess. A contract of sale by the tract or in gross, on the other hand, is one wherein boundaries are specified, but quantity is not specified, or, if specified, is not material, each party taking the risk of the actual quantity to vary to some extent from what he expects it to be. Dozier v. Duffie, 1 Ala. 320; Terrell v. Kirksey, 14 Ala. 209; Frederick v. Youngblood, 19 Ala. 680; Wright v. Wright, 34 Ala. 194; Winston v. Browning, 61 Ala. 80; Rogers v. Peebles, 72 Ala. 529; Crampton v. Prince, 83 Ala. 246, 3 So. 519; Hodges v. Denny, 86 Ala. 226, 5 So. 492; Pearson v. Heard, 135 Ala. 348, 33 So. 673; Brassell v. Fisk, 153 Ala. 558, 45 So. 70; Terry v. Rich, 197 Ala. 486, 73 So. 76; Cox v. Collins, 205 Ala. 491, 88 So. 440; Hill v. Johnson, 214 Ala. 194, 106 So. 814; Cobb v. Morton, 252 Ala. 598, 42 So.2d 450; Spires v. Nix, 256 Ala. 642, 57 So.2d 89.

Many of the cases just above cited are also authority for the general rule that

where a conveyance of land contains a definite description by subdivisions, or metes and bounds, or both, the addition of a statement of the number of acres, more or less, is merely cumulative matter of description and in construing the deed as written, the particular description controls.

■ But the particular description, that is, the description as to boundaries, lots, and the like is not conclusive in equity where fraud, or gross and palpable mistake, is shown. Hodges v. Denny, supra; Manning v. Carter, 201 Ala. 218, 77 So. 744, and cases cited.

In Hill v. Johnson, supra, 214 Ala. 196–197, 106 So. 816, it was said:

"Where a conveyance of lands contains a definite description by subdivisions, or metes and bounds, or both, the addition of a statement of the number of acres, more or less, is merely cumulative matter of description. In construing the deed as written, as in actions at law, the particular description must control; but in a direct proceeding to reform the instrument because of error in the description, the quantity of land as recited therein may become important evidence of mistake, either in failing to include all the land, or mistake in the acreage covered by the description. The greater the variance, the more probable a mistake.

"The words 'more or less' usually mean 'about,' 'substantially,' or 'approximately,' and imply that both parties assume the risk of any ordinary discrepancy, such as unequal acreage of government subdivisions, or estimates on small fractions bounded by the meanderings of a stream. If the price is stated as a lump sum, and not so much per acre, it implies prima facie that the parties have so contracted, and no survey is contemplated to ascertain the exact acreage."

■ In view of the extent of the variance between the number of acres in the tract of land and the number mentioned in the deed and the averments of the bill to the effect that Jackson knew or suspected that a mistake had been made by Bankhead, the trial court acted correctly in permitting parol proof going to show the circumstances of the transaction leading up to the execution of the deed. In Terrell v. Kirksey, 14 Ala. 209, it was said: "Whether a sale be by the acre or in gross, is a question of intention to be collected from the circumstances of the transactions."

■ The party seeking reformation of a written instrument has the burden of proof to the end prayed. Brumfield v. Hall, 215 Ala. 515, 110 So. 898.

■ In the exercise of this jurisdiction, the court proceeds with utmost caution, as it involves the invasion of a salutary rule of evidence. To authorize the reformation of an instrument which has been reduced to writing and signed, the proof must be clear, exact, and satisfactory, to the effect that the writing does not express the intention of the parties and, further, what in fact the parties had intended the writing should contain. If the proof is uncertain in any material respect, it will be held insufficient. Lipham v. Shamblee, 205 Ala. 498, 88 So. 569.

■ In this case, the trial court saw and heard the witnesses, hence there is another principle which governs our review. The finding of the trial court as to the facts is to be accorded all the presumption indulged in favor of the verdict of a jury. Franklin v. Scott, 222 Ala. 641, 133 So. 684.

The pivotal question in the case is whether the parties agreed on the sale and purchase of all the land in the forty lying south of the highway or on the sale and purchase of approximately four acres of the tract.

Bankhead took no part in the negotiations, but signed the contract of purchase and the deed upon the recommendation of his real estate agent, Miree.

Miree and Jackson both testified. Their testimony is, in many material respects, in direct conflict. Miree's testimony is to the effect that he and Jackson both understood that the tract of land in the forty contained approximately four acres and that the land was sold to Jackson on an acreage basis for the price of $75 per acre. A mistake in the description, according to Miree, arose from the fact that while he and Jackson viewed the property, they did not go over it or

 

have a survey made, and that the map upon which he and Jackson relied was incorrectly drawn. According to Miree, when the contract of purchase was being drawn up by him, Jackson objected to the insertion in the description of the words "containing four acres, more or less." Jackson testified that the land was never priced to him on acreage basis; that the only price ever given to him was for the entire tract, to wit, $300. He testified that while he did not know the exact acreage in the tract, he knew it contained considerably more than four acres and so advised Miree and that Miree said to him that the acreage didn't matter, that Jackson was buying the entire tract for the lump sum of $300 regardless of acreage.

The testimony of Miree and Jackson is in sharp conflict as to the value of the entire tract at the time of the sale. According to Miree, the value of the fourteen acres was $675, some of the land being of less value than that on which Jackson has constructed his improvements. On the other hand, Jackson's testimony was to the effect that the entire tract was not worth more than the $300 which he paid Bankhead, saying that if he was paid for the improvements he had constructed, he would sell the tract for $300.

The trial court was certainly in a better position to resolve these conflicts in the evidence and was justified in taking Jackson's version as to value and as to the understanding between Jackson and Bankhead's agent.

As said in Hill v. Johnson, supra, the variance between the number of acres mentioned in the deed and the number actually included in the tract may be important evidence, and the greater the variance the more probable a mistake. The variance here is great, but that factor alone cannot be said to show conclusively that the sale was by the acre, since the trial court was justified under the evidence in finding that the price paid did not exceed the value of the entire tract.

There are other factors which tend to support the finding of the trial court. The price was stated in the contract of purchase and in the deed as a lump sum. This implies at least prima facie that the parties contracted for the sale of the land in gross. Hill v. Johnson, supra. The contract of purchase drawn up by Miree and signed by Bankhead and Jackson contains language which tends to show a sale in gross. It provides in part as follows: "I, Lucius L. Jackson and Vicie Jackson, Townley Route 1, Ala., hereby offer to purchase of W. W. Bankhead, Trustee, hereinafter called the Seller, *as a tract and not by the acre*, the following described real estate, situated in the County/Parish of Walker, State of Alabama, to-wit: All South of the Bankhead Highway in the SE¼ of SW¼ of Section 20, Twp 14, R 8 W containing 4 acres, more or less, * * *." (Emphasis supplied.)

A careful examination of this record, keeping in mind the principle requiring that before reformation of a written instrument should be ordered, the proof must be clear, exact, and satisfactory to the effect that the writing does not express the intention of the parties, and the presumption which we must indulge in favor of the finding of the trial court where the evidence is taken ore tenus, we are constrained to the conclusion that the decree of the trial court should be affirmed. It is so ordered.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.