78 So.2d 311

**F. L. HORTON et ux.**

v.

**George W. JOHNSON et ux.**

6 Div. 748.

Supreme Court of Alabama.

Jan. 13, 1955.

Rehearing Denied March 10, 1955.

Wm. E. James, Cullman, for appellants.

Marvin H. Galin, Cullman, for appellees.

———◆———

MERRILL, Justice.

Appeal by the grantors from a decree reforming a deed in favor of the grantees and dismissing grantors' cross bill.

In 1924 J. F. Walker and wife deeded a farm to their son-in-law, F. L. Horton. The deed actually described 13 acres by metes and bounds but stated the acreage as "30 acres, more or less." Horton went into possession and remained the owner until January 9, 1948, when he conveyed his farm to the appellees, George W. Johnson and wife, Nettie Johnson. The Hortons used the same description in their deed to the Johnsons as the Walkers had used in conveying to Horton. Horton stayed on the place for two years as the Johnsons' tenant. In 1952 the Johnsons decided to sell the farm. They were called upon to furnish an abstract and it was discovered for the first time that the deeds only described 13

acres. The Johnsons had the farm surveyed and it developed that the farm contained not 30 acres as had been commonly thought, spoken of and referred to by all the parties, but 43 acres. The Hortons agreed that they had intended to convey 30 acres to the Johnsons instead of 13 acres, but denied any intention to convey 43 acres. The Johnsons filed their bill to reform the deed so as to describe the 43 acres and after a demurrer was overruled, the Hortons filed an answer and cross bill denying that they intended to convey more than 30 acres and asked the court to have 30 acres surveyed and to correct the deed accordingly. The trial was had with testimony ore tenus before the circuit court and the decree granted complainants the relief prayed for and dismissed the respondents' cross bill.

The chief controversy was over the eastern boundary line of the farm. Johnson testified that Horton showed him the corners and the lines and that he pointed out the eastern boundary as being the edge of the field but that it did not include the woods. Horton did not deny that he pointed out such boundary to Johnson, but insisted that he told Johnson that he was not sure where the line went but he was selling him enough land to get 30 acres. It was not disputed that all the land lying east of the line to be settled would belong to the estate of Mrs. Horton's father. F. L. Horton did not claim to own any property east of the line to be established.

The trial court concluded that the farm sold as a unit and not by the acre and that it was the intention of the Hortons to convey the whole tract by the deed in question.

We assume that the court was following our recent case of Bankhead v. Jackson, 257 Ala. 131, 57 So.2d 609, because briefs of both parties cite this case. We think the court correctly applied the law to the facts; and where there is conflict in the evidence, as in this case, the rule stated in Bankhead v. Jackson, supra, applies here:

"In this case, the trial court saw and heard the witnesses, hence there is another principle which governs our re-

view. The finding of the trial court as to the facts is to be accorded all the presumption indulged in favor of the verdict of a jury. Franklin v. Scott, 222 Ala. 641, 133 So. 684."

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.