ADAMS, Justice.
This is an appeal from a summary judgment entered by the Circuit Court of Mobile County, Alabama. We reverse.
The facts of this case are as follows:
Appellees, Jim and Maggie Petty, transferred certain property by warranty deed to appellant R.L. Self on May 14, 1973. The full description of the property appears below:
That certain lot or parcel of land commencing at the Northeast corner of the Southeast one-quarter of the Southeast Quarter of Section 26, Township 4 South, Range 3 West; thence running South 419 feet to a point; thence West 1,314 feet to a point; thence North 419 feet to a point; thence East 1,314 feet to the place of beginning, containing 12 acres, more or less.
According to the deed, the Pettys warranted that Self was seized of an indefeasible estate in fee simple in the property, and that the property was free from any encumbrances. The Pettys also warranted in the document that they would forever defend the title to the property against the lawful claims of all persons. Neither Self nor the Pettys surveyed the property immediately prior to transfer. However, Self was shown the four corners of the property by the Pettys.
On March 18, 1977, a .66-acre portion of this property was awarded to an adjoining landowner by court decree. Self was not *570 made a party to, or given any notice of, this action. Furthermore, there is no evidence that Self discovered that the .66-acre portion had been taken from him until about five years later.
In 1982, Self attempted to sell the entire twelve acres of property he received from the Pettys. It was through his real estate agent that Self first learned of the cloud on his title to the land. A survey was made on September 20, 1982, and it revealed that part of the property (.66-acre) had indeed been taken from appellant by judicial decree. Self then notified the Pettys of the loss, but the Pettys refused to compensate him for his loss of a portion of the property-
Self filed suit on August 3, 1983. The trial court entered summary judgment in favor of the Pettys and Self subsequently appealed.
Self raises two issues for our review:
1. Whether the trial court erred in its ruling that the action was barred by the statute of limitations.
2. Whether the trial court erred in its ruling that the “more or less” language in the warranty deed controlled over a metes and bounds description in the deed.
Although the trial court did not set forth its reasons for granting the Pettys’ motion for summary judgment, it must have agreed with the Pettys’ arguments concerning one or more of the above issues. We hold that the court erred when it ruled in favor of the Pettys. Therefore, for the reasons stated below, the court’s judgment is due to be reversed.
The Pettys argue that, if there was a breach of warranty, it occurred at the time the deed was executed and delivered on May 14, 1973. They point out that the statute of limitations pertaining to the recovery of real property in Alabama is § 6-2-33, Code 1975, which allows ten years within which to file suit after the accrual of the claim. The Pettys say that the statute began to run in May 1973, and that a suit filed in August 1983 was clearly barred.
The law in Alabama with regard to warranties to defend title against all lawful claims was recently stated by this Court in Lacks v. Stribling, 406 So.2d 926 (1981), where we said:
The covenant in the deed to warrant and defend the title of the grantee and his successors against the lawful claims of all persons is in substance a covenant for possession and quiet enjoyment, and it is not broken so long as the grantee’s enjoyment and possession are not interfered with. Oliver v. Busk, 125 Ala. 534, 27 So. 923 [1899]. “It operates in futu-ro, unless the true owner is in actual possession at the time the covenant is entered into, in which case there is a breach eo instanti; it runs with the land, that is, it is intended for the benefit of the ultimate grantee in whose time it is broken, and there can be no breach except by an actual or constructive eviction.” Chicago, Mobile Development Co. v. G.C. Coggin Co., 259 Ala. 152, 161, 66 So.2d 151, 157 (1953).
406 So.2d at 929.
It is clear from the above-cited language that there must be an eviction, whether actual or constructive, before the covenantor can be said to have breached his warranty. In the instant case, the breach occurred in 1977, when a court decree awarded part of Self’s property to an adjoining landowner.
The trial court, therefore, when applying the law to the facts, should have denied the Pettys’ motion for summary judgment based on the statute of limitations argument.
In its summary judgment, the court also apparently agreed with the Pet-tys’ argument that the “more or less” language in the deed meant that they only warranted title to an approximate amount of land. To so hold is contrary to established Alabama case law. The law in Alabama is clear that when there is a definite description of the property it is controlling over the “more or less” language, which is merely cumulative to the precise “metes *571 and bounds” description. Bankhead v. Jackson, 257 Ala. 131, 57 So.2d 609 (1952). The particular description in the warranty deed described the entire twelve acres of land, and title to the entire twelve acres is what the Pettys transferred and warranted to defend.
Based on the foregoing, the trial court should not have granted summary judgment in favor of the Pettys. Therefore, the judgment of the court below is reversed and the cause remanded for a proceeding consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.