(97 South. 54)

### ELLENBURG v. BARKSDALE.
(7 Div. 243.)

(Supreme Court of Alabama. June 7, 1923.)

1. Deeds ⊙⇒38(1)—Description of land as on north side of named creek not void for uncertainty.

Where plaintiff's deed referred to the land claimed as that portion of the R. tract lying on *the north side of W. creek*, the description was not void for uncertainty, and was admissible in evidence.

2. Boundaries ⊙⇒40(2)—Sharp dispute in evidence as to branch as boundary line held to present a case for the jury.

A sharp dispute in the evidence as to a branch claimed as a dividing line, plaintiff claiming it had been filled in and that defendant had moved his possession over the line, and defendant claiming the boundaries acquired from his grantor and that there had been no change in the branch, presented a case for the jury, and the affirmative charge was properly refused.

3. Boundaries ⊙⇒3(5) — Representation of quantity merely descriptive, and grantee entitled to hold according to metes and bounds.

Representation of quantity in a deed describing land by metes and bounds and as containing 10 acres is descriptive merely, and the grantee is entitled to hold according to the metes and bounds.

---

**4. Adverse possession ⬳95—Admitting tax assessment record, showing plaintiff claimed land after suit was brought, held error.**

Where defendant was in possession of land in controversy, and the purpose of offering in evidence the record of a tax assessment was to show that after suit was brought plaintiff was insisting that he owned 30 acres in the particular 40, and was paying taxes thereon, the tax assessment record was not admissible under Code 1907, § 2830, as to title by payment of taxes.

Appeal from Circuit Court, DeKalb County; Arthur E. Gamble, Judge.

Action in ejectment by W. M. Barksdale against H. T. Ellenburg. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Baker & Baker and Isbell & Scott, all of Ft. Payne, for appellant.

The burden is on the plaintiff to show the lands sued for are those described in the complaint and covered by the deed relied on. 19 C. J. 1148; Busbee v. Thomas, 175 Ala. 423, 57 South. 587; Swindall v. Ford, 184 Ala. 137, 63 South. 651; So. Steel Co. v. Stowers, 189 Ala. 314, 66 South. 677. Neither weight nor effect will be given a description in a deed in terms of quantity except to relieve some otherwise irremediable ambiguity in a more particular description. Busbee v. Thomas, supra; So. Steel Co. v. Stowers, supra; Williams v. Bryan, 197 Ala. 675, 73 South. 372. Tax records are not self-proving and before admissible must be properly authenticated and identified. Chastang v. Chastang, 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45.

O. R. Hood, of Gadsden, for appellee.

The tax record was relevant and admissible. Code 1907, § 2830; Chastang v. Chastang, 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45; Livingstone v. Nelson, 200 Ala. 507, 76 South. 449. An owner who goes over his line, intending to claim only to the true line, is not an adverse claimant. M. & G. R. Co. v. Rutherford, 184 Ala. 204, 63 South. 1003.

GARDNER, J. Appellee brought this suit in ejectment against appellant, for the recovery of six and a fraction acres of land in the N. W. ¼ of the S. W. ¼ of section 30, and three and a fraction acres in the N. E. ¼ of the S. W. ¼ of section 30, all in township 9, range 7, DeKalb county, Ala.

[1, 2] Plaintiff's deed referred to the land in that portion of the S. W. ¼, with which we are here concerned, as that portion of the George Reed tract lying on the north side of "Big Will's Creek." The description was not void for uncertainty, and no error was committed in overruling the objection to its introduction. Defendant was admittedly the owner of 10 acres in the northwest corner of the N. W. ¼ of the S. W. ¼—the southern boundary of which was a certain branch, which it is insisted was the dividing line. It was plaintiff's contention that this branch had become filled in and that defendant had moved forward in his possession over this original line, and was occupying about 20 acres, and that in thus going beyond the branch had taken possession of some of plaintiff's land. On the other hand, the defendant insisted that he is in possession of the same land under the same boundaries as when he acquired it from his grantor, and that there has been no change in the branch.

Upon this question of evidence there was sharp dispute, and upon this issue of fact rested the determination of the litigation. It was clearly a jury case, and the affirmative charge was properly refused.

[3] The defendant's deed describes the land by metes and bounds and as containing 10 acres, more or less. This representation of the quantity will be treated as merely descriptive, and the defendant entitled to hold according to his description by metes and bounds, though the quantity of acreage may exceed the number specified in the deed. South. Iron & Steel Co. v. Stowers, 189 Ala. 314, 66 South. 677.

On page 16½ of the record appears a plat intended to indicate defendant's 10 acres, which plat was made by one Parsons, a surveyor, and which was admitted in evidence over defendant's objection. We are of the opinion this was error. This map shows the southern boundary line of a 10-acre tract of land in the N. W. ¼ of the S. W. ¼ as a perfectly straight line, and the evidence of the surveyor clearly shows he made no effort to follow the lines of an old branch, although he states he "observed an old branch or slough." We think it quite evident, therefore, that no attempt was made to survey this land in accordance with the boundaries set forth in the deed. Indeed, his testimony discloses that the surveyor merely surveyed 10 acres in the northwest corner of this 40 under the direction of the plaintiff, and to conform to plaintiff's wishes. Witness states "he said he wanted me to mark off 10 acres. he said he wanted it in the northwest corner, and I put it in the corner. I made a triangle of it. * * * I did not follow any branch."

A similar question arose in South. Iron & Steel Co. v. Stowers, supra, the decision of which supports the conclusion here reached.

[4] After the defendant had rested his case, the plaintiff was recalled, and was allowed, over defendant's objection, to offer in evidence the record of his tax assessment for the year 1920, which was the year subsequent to that in which the suit was brought. The defendant was confessedly in possession of the land, and it is too clear for discussion

that this tax assessment record was not admissible under any provision of section 2830 of the Code. Its evident purpose was to show that, after the suit was brought the plaintiff was still insisting that he owned 30 acres in this particular 40 and was paying taxes thereon. We think the defendant's objection to this record was well taken, and should have been sustained.

The other members of the court participating in consultation in this cause prefer to rest their concurrence in the result upon this last question, as they entertain doubts as to whether the trial court should be reversed upon the admission of the map in evidence, in consideration of the entire testimony of witness Parsons, though they do not intend to indicate reversible error would have been committed had same been excluded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur as indicated.