16 So.2d 695

**WHEELER et al. v. WELLS.**

**8 Div. 246.**

Supreme Court of Alabama.

Feb. 3, 1944.

Rehearing Denied March 2, 1944.

J. W. Brown, of Boaz, for appellants.

Roy D. McCord, of Gadsden, for appellee.

BOULDIN, Justice.

Appellee, W. R. Wells, sued appellants, Hoyt Wheeler, et al., in ejectment. Defendants, upon a showing that the issue was one of disputed boundary line between co-terminous landowners, had the cause removed to the equity court for the purpose of settling the boundary line.

In equity the issues were made up on bill by original defendants, as complainants, and original plaintiff, as respondent and cross-complainant. The cause being submitted for final decree on pleadings and proof, the court found and decreed the true boundary line as claimed by appellee, original plaintiff.

The common source of title was Jesse M. Miller. He owned at his death a block of land, about 208 acres, being six forties, government numbers, less parcels theretofore sold. After the death of his surviving widow, his eight children, all of full age, and sole heirs of his estate, made partition of the lands, caused a plat of same to be made, which is accurately described in a written agreement on the same sheet of paper reading:

"The Above Plat represents the East half of the Southwest fourth and the Southeast fourth of Section 18 Township 9 South Range 5 East in Marshall County Alabama. The portion colored represents the lands of which Jesse F. Miller was seized and possessed at the time of his death. And that said plat shows the lots with the dimensions thereof as the same has been subdivided.

"State of Alabama
"Marshall County.

"We, the undersigned, being all the heirs at law of the said Jesse F. Miller, Deceased, and all being over the age of twenty-one years and having by agreement heretofore made on the 23 day of December 1924 have subdivided said lands into lots and parcels and numbered as therein shown from No. 1 to 10 both inclusive, together with the dimensions of said several lots as herein shown said dimensions being given in yards, and also showing the names of the heirs on the said several lots which we have allotted said parcels to, and we hereby certify that said plat is correct and we do hereby ratify and adopt the same as fully as if said plat had been a part of the description written in our several deeds made by us to each other to effect such division on the 23 day of Dec. 1924, and for the considerations therein recited. This March 16 1925."

This agreement was signed by all the heirs, duly acknowledged as a deed, and the entire document filed and recorded in Deed Book in the office of the Judge of Probate.

This lawsuit involves the parcels allotted to Mary Miller and W. J. Miller, known in the record as Billy Miller.

These parcels are co-terminous, Mary's lying west and Billy's east of the common boundary. Mary took lot No. 3, a rectangle 391 by 396 yards, these measurements shown on each boundary line. On the face of the plat, this lot was shown to contain "25 acres."

Mary received a partition deed executed by all the other heirs, describing her lot as follows:

"Beginning at the SW corner of Lot #2, which is 44 yards South of the NW corner of the SE 1/4 of the SW 1/4 Section 18, Township 9, Range 5 East, thence South 396 yards; thence East 391 yards; thence North 396 yards; thence West 391 yards to beginning point and containing 25 acres more or less and situate in Marshall County, Alabama."

This conformed to starting point and dimensions shown on map.

Billy took lot No. 5, marked 50 acres. He had bought the equivalent of one share from brothers. The map shows the measurements of the lines bounding his lot. It further locates the line between him

and Mary forty-nine yards west of the quarter section line.

In November, 1933, W. R. Wells purchased from Mary the north portion of her lot, 148.5 yards by 391 yards. The deed, reciting a cash consideration of $450, conformed fully to Mary's deed in matter of description, except in width 148.5 yards, and "containing 12 acres." In August, 1936, W. R. Wells purchased the remaining portion of Mary's lot, 247.5 yards by 391 yards. The deed recited a cash consideration of $500 and conformed in matter of description with Mary's deed in all respects, except in width 247.5 yards, being the remaining portion of her lot. This deed said: "containing Thirteen (13) acres, more or less."

In September, 1936, the month following the purchase by Mr. Wells just noted, Billy Miller executed a deed to W. H. Wheeler, reciting a cash consideration of $375, and conveying lands adjoining the Wells lands, described as follows:

"Beginning 49 yards West of the South East corner of the South East fourth of the South West fourth of Section Eighteen (18) Township Nine (9) Range Five (5) East, and run North 396 yards; thence East 122 1/2 yards; thence South 396 yards; thence West 122 1/4 yards to beginning point and containing Ten (10) acres, situated in Marshall County, Ala."

It will be observed the west line of this parcel, the common boundary between the lots of Mary and Billy, is precisely the same as shown on the plat, and in Mary's deed. Billy's deed is not before us.

Soon after this deed to Mr. Wheeler, a controversy arose as to where the boundary line between Wells and Wheeler should be located. This led to a new survey and plat purporting to locate the line sixty-one yards west of the line shown on original map, and that called for by the starting point and dimensions shown by the Wells deeds and the Wheeler deed. It appears the stakes set by the surveyor in 1925, when making the partition, were removed to conform to the new survey. Mr. Wheeler took possession to the new line. The ejectment suit followed.

Pending the taking of the testimony, Mr. Wheeler's bill was amended seeking a reformation of the Wheeler deed and the Wells deeds in matter of description.

The theory so set up, and much parol testimony from members of the Miller family and others, was to the effect that in the partition of 1925, it was the intention that Mary's lot should contain twenty-five acres, one-eighth of two hundred acres, and Billy should have the excess of some eight acres in the entire tract; that while Mary's lot was laid off on the ground with dimensions of 391 by 396 yards, as shown on the map and deed, the surveyor made a mistake in calculating the acreage. In fact, as shown by the dimensions, her lot contained some thirty-two acres.

It is not pretended Mr. Wells was a party to the partition. That he purchased the entire lot as laid off and shown by deeds and map is clear. He knew, or his attention was soon called to the fact, that the second purchase from Mary did exceed thirteen acres.

Considerable evidence was offered to show his acquiescence for a time in the new line of 1937, especially that his son, who had an interest in the second purchase, verbally agreed to it as a compromise line.

W. R. Wells declined to execute deeds confirming the proposed new line and no possession was held by Mr. Wheeler for such time as to ripen into title.

■ The court below correctly held that the dimensions written on the face of the plat and the deeds were to take precedence over the acreage stated in the same documents, citing Hill v. Johnson, 214 Ala. 194, 106 So. 814; Ellenburg v. Barksdale, 210 Ala. 11, 97 So. 54; 7 Ala.Dig., Deeds, ☞ 114(4).

■ Touching reformation, it suffices to say there is no pretense that Mr. Wheeler's deed did not cover the land he purchased; his deed expressly calling for a boundary line located forty-nine yards west of the quarter section line, the same line shown on the map to be 391 yards east of the western boundary of Mary's lot.

So far as appears he has the lands purchased, and seeks to move his line west to cover fifteen acres instead of ten acres. This is not to intimate that Mary or Billy, not parties to this suit, have any ground for reformation as against Mr. Wells.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.