RICHARD L. HOLMES, Retired Appellate Judge.
Downtown Orange Beach, Inc. (Orange Beach), sued Herbert H. Wilson and Leona Wilson in a multiple count complaint. The complaint alleged that the Wilsons were guilty of fraud; negligence; and breach of warranty, covenant, and contract, all relating to a deed.
The trial court entered a summary judgment in favor of Orange Beach on the breach of warranty, breach of covenant, and breach of contract claims and awarded Orange Beach $25,000 as damages. The other counts are still pending, and the Wilsons appeal from the entry of a partial summary judgment via Rule 54(b), A.R.Civ.P. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
The dispositive issue is whether, under the facts as revealed by the record, Orange Beach was entitled to summary judgment “as a matter of law.” We answer in the negative and reverse and remand.
It is not necessary to set out in detail the facts. The following is sufficient:
*283 Orange Beach by the description in a deed thought it was purchasing approximately seven acres of land when, in fact, the property was less than seven acres. As indicated above, the trial court entered a partial summary judgment and assessed Orange Beach’s damages at $25,000.
A trial court, in order to grant a motion for summary judgment, must determine (1) that there is no genuine issue of a material fact and (2) that the moving party is entitled to a judgment as a matter of law. Livingston v. Auto Owners Insurance Co., 582 So.2d 1038 (Ala.1991).
The damages recoverable by a purchaser for breach of warranty of title, such as we have in this instance, are limited to the difference between the purchase price and the present fair market value. For an excellent decision of this principle of law, see Clark v. Cypress Shores Development Co., 516 So.2d 622 (Ala.1987).
This court has perused the record in this case, and there is no proof of the appropriate measure of damages. The affidavits of Grant, who negotiated the sale, and Hire, a land surveyor, in no way adequately prove Orange Beach’s damages. Even the verified complaint does not competently prove Orange Beach’s damages.
In view of the above, it cannot be said that Orange Beach is entitled to summary judgment “as a matter of law,” as there is no competent evidence as to Orange Beach’s damages. Hence, the judgment is due to be reversed and the case remanded.
While the above is dispositive of the appeal, this court would be remiss in failing to make the following observations:
A party moving for summary judgment must clearly show that the other party could not recover under any discernible set of circumstances and must show the absence of a genuine issue as to any material fact. Ragland v. Alabama Power Co., 366 So.2d 1097 (Ala.1978).
Our review of the supporting evidence attempting to justify Orange Beach’s motion for summary judgment presents a very “close” question when the above standard is applied.
In any event, the judgment is due to be reversed and the cause remanded for proceedings not inconsistent with the above.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.