RICHARD L. HOLMES, Retired Appellate Judge.
Downtown Orange Beach, Inc. (Orange Beach), sued Herbert H. Wilson and Leona Wilson in a multiple-count complaint.
This case has previously been before this court. See Wilson v. Downtown Orange Beach, Inc., 641 So.2d 282 (Ala.Civ.App.1993). In the prior appeal, the trial court had granted a motion for summary judgment *553 in favor of Orange Beach on the breach of warranty, breach of covenant, and breach of contract claims. We reversed the trial court’s judgment and remanded the case for further proceedings.
After remand, a non-jury trial was held. Thereafter, the trial court issued its order, which provided, in pertinent part:
“A directed verdict was granted at trial in favor of [the Wilsons] as to [the] negligence count and any intentional fraud. Judgment is granted in favor of [the Wil-sons] on the contract count and the reckless aspect of the fraud count.
“Judgment is HEREBY rendered in favor of [Orange Beach] and against [the Wilsons] on [the] breach of warranty claim in the amount of $17,725.00, plus costs of court. Attorney fees are denied.”
The Wilsons appeal. Orange Beach cross-appeals.
Our review of the record reveals the following pertinent facts: In August 1982 an attorney representing Percy L. Beech forwarded a letter to the Wilsons, which accepted the Wilsons’ offer to sell Beech a parcel of land in Baldwin County, Alabama. The letter provided, in pertinent part:
“1. The property is described as a six (6) acre parcel of land at the southwest corner of Alabama Highways 180 and 161. Mr. Beech will secure, at his cost, a more particular description to accurately describe the 6 acres or 261,360 square feet at this corner.
“2. The purchase price of $150,000.00 [is] payable $50,000.00 down with the balance of $100,000.00 being payable in ten (10) equal annual installments of $10,000.00 each plus interest at the rate of twelve percent (12%) per annum....”
The Wilsons signed the letter, indicating their agreement with the terms of the purchase and sale of this six-acre parcel.
Beech retained Moore Engineering Company (Moore Engineering) to conduct the survey for this six-acre parcel of land. The survey was completed in October 1982. In November 1982 the Wilsons executed a deed conveying this six-acre parcel of land to Beech. The description contained in the deed was taken from the survey conducted by Moore Engineering. The description in the deed contained the following pertinent statements:
“Said parcel of land contains 6.0 acres, more or less, and lies in the NE ⅛ of Section 5, T 9 S, R 5 E, Baldwin County, Alabama.
“This conveyance is made subject to covenants, restrictions, reservations, easements and rights-of-way, if any, heretofore imposed of record affecting Grantor’s title to said property.”
In January 1983 Beech and his wife, Laura, executed a deed, conveying this six-acre parcel to Orange Beach, a corporation which had been incorporated by Beech and three other men.
This six-acre parcel had been purchased for investment purposes, and Orange Beach planned to sell the property to a developer. When Orange Beach discovered that additional footage might be required for development purposes, it requested that the Wilsons sell an additional acre. The purchase price for this acre was $40,000.
In January 1984 the Wilsons executed a deed, conveying an additional one-acre parcel to Orange Beach. The description of this one-acre parcel stated that such parcel “contain[ed] one (1) acre.” Orange Beach now owned a seven-acre parcel between Alabama Highways 180 and 161.
In September 1990 Orange Beach entered into a purchase agreement with Breland and Breland Partnership (Breland) for this seven-acre parcel. The purchase price was $365,000.
In January 1991 Hire Surveying, Inc., conducted a survey of this seven-acre parcel for Breland and determined that the description contained in the two deeds was for 6.66 acres, not seven acres. This discrepancy was reported to Moore Engineering, which researched the matter and determined that an additional 0.34 acres needed to be added to the west end of the property to have seven acres of land. This discrepancy resulted from new information concerning the location of Florida Avenue, which was one of the *554 boundaries of the seven-acre parcel. Moore Engineering advised Beech of its determination by letter dated July 16,1991.
In July 1991 Harris Grant, the real estate agent representing Orange Beach in the transaction with Breland, approached the Wilsons on behalf of Orange Beach to see if the situation could be remedied. In addition, Herbert Wilson met with Beech to see what could be done to settle the matter. Both Grant and Beech testified that they told Herbert Wilson that the problem could be remedied if Wilson would execute a deed conveying an additional 0.34 acres to Orange Beach. Both Grant and Beech testified that Wilson said that he would not give Orange Beach any more property.
On July 29, 1991, a new purchase agreement was executed between Orange Beach and Breland. An addendum- to the July 29, 1991, purchase agreement stated, in pertinent part:
“Note: The contract replaces a contract of September 11,1990, with terms of $365,-000.00 for 7 (seven) acres. However, due to a[n] error in the survey, the new contract [alludes] to a sales price of $347,-271.43 for 6.66 acres.”
Thereafter, Orange Beach sold the property to Breland pursuant to the July 29, 1991, purchase agreement, and filed the present action.
The Wilsons contend that the trial court committed reversible error when it determined that a breach of warranty had occurred. The Wilsons argue that they could not have breached their warranty of clear title because Orange Beach accepted a “more or less” amount of acreage “subject to” certain conditions.
However, we would note that at trial, Herbert Wilson admitted that he sold the six-acre parcel for $25,000 per acre and that he sold the one-acre parcel for $4-0,000. Additionally, Wilson conceded that, in light of the August 1982 letter from Beech’s attorney, which indicated the square footage of a six-acre parcel, he expected to convey, and Beech expected to receive, six acres in the first transaction. Wilson testified that during the second transaction, he was informed that a full acre was needed. We would note that the deed for the one-acre parcel does not contain the “more or less” language.
At trial, Wilson testified that he did not recall refusing to convey an additional 0.34 acres to Orange Beach. Wilson also testified that he never said that he would not help rectify the problem.
Beech and George Clolinger, who was also a part of Orange Beach, testified that Orange Beach intended to receive exactly seven acres. Beech also testified that the following occurred during his meeting with Wilson after the mistake was discovered: Beech told Wilson that he owed Orange Beach seven acres. Wilson told Beech that the mistake was Orange Beach’s fault because its survey- or made the mistake. Wilson told Beech that he was not going to convey any additional property to Orange Beach.
It is undisputed that the Wilsons conveyed less than seven acres to Orange Beach because of the mistake in the survey conducted by Moore Engineering. In light of the testimony presented at trial, the Wilsons intended to convey exactly seven acres to Orange Beach, and Orange Beach, which paid $25,-000 per acre for the six-acre parcel and $40,-000 per acre for the one-acre parcel, intended to receive exactly seven acres.
The Hire survey, conducted in 1991, revealed that the Wilsons had mistakenly conveyed only 6.66 acres and that Orange Beach had received only 6.66 acres, even though it had paid for seven acres.
In Bankhead v. Jackson, 257 Ala. 131, 133, 57 So.2d 609, 610 (1952), our supreme court made the following statement:
“A contract of sale by the acre is one wherein a specified quantity is material. Under such a sale the purchaser does not take the risk of any deficiency and the vendor does not take the risk of any excess. A contract of sale by the tract or in gross, on the other hand, is one wherein boundaries are specified, but quantity is not specified, or, if specified, is not material, each party taking the risk of the actual quantity to vary to some extent from what he expects it to be.”
*555 In the present ease it would appear that the acreage was material to the conveyance. Consequently, we find that the trial court correctly determined that a breach of warranty had occurred.
In their second issue the Wilsons contend that the trial court committed reversible error when it assessed damages of $17,725. The Wilsons argue that the damages were not calculated using the formula established by ease law — the difference between the purchase price and the present fair market value.
Orange Beach argues that the trial court correctly determined that the measure of damages should be the difference between the original contract price with Breland for the seven acres ($365,000) and the actual sale price for the 6.66 acres ($347,271.43) because that was the diminished value of the property conveyed.
In our previous opinion we stated that the damages recoverable by a purchaser for breach of warranty of title are limited to the difference between the purchase price and the present fair market value. See Wilson, 641 So.2d at 283. In Wilson, we also referred the reader to Clark v. Cypress Shores Development Co., 516 So.2d 622 (Ala.1987), for an excellent decision on this principle of law. In Clark, the purchase price of the lots was $22,500, and the present fair market value of the two lots was stipulated to be $5,000 each. Our supreme court found that the measure of damages was $12,500, which was the difference between the purchase price and the present fair market value.
Our supreme court’s decision in Clark, 516 So.2d at 628, quoted extensively from 20 Am.Jur.2d Covenants, Conditions, and Restrictions § 144 (1965). We find the following pertinent statements in 20 Am. Jur.2d Covenants, Conditions, and Restrictions § 144 at 703:
“If an encumbrance or defect amounts to less than total failure of title, the measure of damages for breach of a covenant of title is the diminished value of the title conveyed, on account of such encumbrance or defect. That is, the grantee is entitled to recover the difference between the value of the whole tract, if the title were good, and its value as depreciated by the encumbrance, not, however, to exceed the purchase price of the whole tract, with interest thereon.”
(Footnotes omitted.)
In the present case the purchase price was $190,000 for seven acres. The fair market value for seven acres, established by the September 1990 purchase agreement with Breland, was $365,000. The fair market value for 6.66 acres, which was the acreage actually conveyed from the Wilsons to Orange Beach, was $347,271.43. The “value of the whole tract” was $365,000, and the “value as depreciated by the encumbrance” was $347,271.43. The difference between these two figures does not exceed the purchase price of $190,000. Consequently, we find that the trial court correctly awarded damages of $17,725.
In its cross-appeal, Orange Beach contends that the trial court committed reversible error when it failed to enter a judgment in its favor on its claims for breach of contract and misrepresentation.
The purchase contract was merged into the deed. See Clark, 516 So.2d 622. In light of the evidence presented at trial, we cannot find that the trial court committed reversible error when it found in favor of the Wilsons on the misrepresentation claim.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.